IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-11751 MER |
| ADAM AIRCRAFT INDUSTRIES, INC. ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| JEFFREY A. WEINMAN, Chapter 7 Trustee ) | Adversary No. 10-1063 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GH VENTURE PARTNERS, LLC ) | |
| ) | Signed/Docketed |
| Defendant. ) | June 30, 2011 |

## ORDER

THIS MATTER comes before the Court on *Defendant GH Venture Partners, LLC's Motion to Dismiss Complaint* (the "Motion") filed by GH Venture Partners, LLC ("GHV"), the *Trustee's Response to the Defendant's Motion to Dismiss Complaint and Motion for Issuance of Alias Summons* (the "Response") filed by Jeffrey A. Weinman, the Chapter 7 Trustee (the "Trustee"), and *GH Venture Partners, LLC's Reply*.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (F) as it involves a complaint for avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547[1] and 550 and disallowance of GHV's claim pursuant to § 502.

## BACKGROUND

The Trustee commenced this adversary proceeding on January 15, 2010, by filing a Complaint seeking entry of judgment against GHV avoiding certain preferential transfers and disallowing any claim by GHV in this bankruptcy case. According to the summons issued on January 15, 2010, GHV was to file an answer or other responsive pleading within 30 days from

---

[1] Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

the date of the issuance of the summons, *i.e.* on or before February 15, 2010. On January 20, 2010, the Trustee filed a Certificate of Service certifying the summons and complaint were mailed to GHV on January 15, 2010 at the following address:

> GH Venture Partners, LLC
> Officer or Director
> 715 5th Avenue, 11th Floor
> New York, NY 10019

No answer was filed by GHV. On September 13, 2010, the Trustee filed a *Motion for Entry of Default and Default Judgment* requesting the Court enter default and default judgment against GHV as follows: (a) avoiding the Transfers made to GHV under § 547; (b) for the sum of $64,193.19, plus costs and interest as requested in the Complaint, (c) disallowing any claims of GHV under § 502, and (d) for such other relief as deemed just and appropriate (the "Motion for Default"). The Certificate of Service attached to the Motion for Default certifies a copy of the Motion for Default was mailed to GHV at the following address:

> GH Venture Partners, LLC
> 715 5th Avenue, 11th Floor
> New York, NY 10019

No response was filed by GHV. On October 4, 2010, the Court entered an Order and Judgment granting the Trustee's Motion for Default and entered the relief sought by the Trustee.

On March 11, 2011, GHV filed a motion pursuant to FED. R. CIV. P. 60(b), seeking an order vacating the default.[2] GHV stated the summons and Complaint were never served on GHV at its correct address, which is:

> GH Venture Partners, LLC
> **712** 5th Avenue, 11th Floor
> New York, NY 10019

GHV further acknowledged on September 21, 2010, the Trustee mailed the Motion for Default to GHV at its correct address. The parties attempted to resolve the matter but no resolution was reached. The Trustee admitted the Complaint, summons and Motion for Default were mailed to the 715 5th Avenue address (not 712 5th Avenue).

On April 18, 2011, the Court issued an Order granting the motion to vacate the default judgment, and directing GHV to file an answer or other responsive pleading to the Complaint by May 18, 2011. On May 18, 2011, GHV filed the instant Motion, asserting the Trustee's failure to serve the summons and Complaint properly results in the Court lacking jurisdiction over the

---

[2] FED. R. CIV. P. 60 ("Rule 60") is made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

matter, and the Trustee's failure to serve the Complaint properly within 120 days of the issuance of the summons requires the Complaint's dismissal pursuant to FED. R. CIV. P. 4, particularly since the statute of limitations for the Trustee to bring this action expired February 15, 2010.

In his Response, the Trustee argues cause exists to allow the issuance of an alias summons with which to make service, and to allow an extension of the time limit in Rule 4. He further notes GHV has had notice of the Complaint since the Motion for Default was filed, and has raised substantive defenses to the preferential transfers it acknowledges receiving. The Court granted the request for an alias summons, and an alias summons was issued June 2, 2011.

## DISCUSSION

While it is true that generally, personal jurisdiction over a defendant is established through service of a summons and complaint in accordance with FED. R. CIV. P. 3 and 4 and FED. R. BANK. P. 7003 and 7004[3], the rule regarding the time limit for effective service requires the court to allow additional time if good cause is shown for the failure, and permits the Court to allow additional time in its discretion. Specifically, FED. R. CIV. P. 4(m), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7004(a)(1), provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[4]

The Tenth Circuit has explained the workings of this rule as follows:

Among other things, the notice requirement affords the plaintiff the opportunity to show good cause for improper service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.").

"If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* Indeed, a court must expressly consider a plaintiff's argument regarding good cause, because "[w]ithout anything in the record to indicate how the district court made its determination with

---

[3] *See Fulton v. McVay*, 318 B.R. 546, 553 (D. Colo. 2004).

[4] FED. R. CIV. P. 4(m).

respect to the good cause exception . . . appellate review is impossible." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995).[5]

Under the specific facts of this case the Court finds good cause exists for the failure to make timely service. The mistake leading to improper service was just that, a mistake, and was based on a typographical error of one numeral in an otherwise correct address. Such a minor error, although it did result in improper service, does not rise even to the level of inadvertence, and certainly not to the level of neglect.

Moreover, the Court notes GHV, in delaying the filing of its motion to vacate the default judgment until five months after receiving actual notice of the proceeding, also contributed to the procedural confusion in this matter. Had GHV moved to oppose the *Motion for Entry of Default and Default Judgment* in a timely fashion and to identify the typographical error resulting in the improper service, most likely proper service would have been accomplished, this motion would have been unnecessary, and the dispute would have proceeded towards adjudication on its merits.

Rather, GHV appears to have been "waiting in the weeds" until the applicable statute of limitations had run and it then attempted to have the previously known typographical error form the basis for the complete eradication of any claim against it due to a procedural deficiency. This tactic appears to be "game playing," which is frowned upon by this Court.

As mentioned in the Court's April 18, 2011 Order, the Tenth Circuit has adopted a strong policy in favor of resolving disputes on their merits.[6] In furtherance of this goal and in light of the circumstances identified above,

IT IS THEREFORE ORDERED *Defendant GH Venture Partners, LLC's Motion to Dismiss Complaint* is DENIED.

Dated June 30, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

---

[5] *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008).

[6] *See Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir.1990)*; Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) (citations omitted).